**Jacob A. HANDY, Appellant,**

v.

**James E. SCOTT, Appellee.**

**No. 1958.**

Municipal Court of Appeals for the District of Columbia.

Argued May 20, 1957.

Decided June 24, 1957.

Myer Koonin, Washington, D. C., for appellant.

James E. Scott, appellee, pro se.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This was a suit to recover a real estate salesman's listing commission on certain property in the District of Columbia which was sold by appellee, a licensed real estate broker. Trial was had without a jury, judgment was entered for appellee, and this appeal followed.

Appellant's testimony was that while working for appellee's firm he obtained an oral authorization to offer for sale certain church property for an open price and with no authorized terms, for which he was en-

titled to a listing commission. It was his testimony that a listing did not have to be in writing to insure a commission and neither did the salesman have to be in the broker's employ when the property was actually sold.

Appellee testified that it was understood by all his salesmen that listing commissions would be paid for written listings only, and that when the listing in question was obtained and the sale consummated, appellant was no longer in his employ. Testimony was offered by him and others with regard to a "Policy Book," compiled with the help of all the salesmen, including appellant. According to appellee, the "Policy Book" set forth the entire agreement between him and his sales personnel, and copies thereof were furnished to each employee. A copy was then received in evidence. The pertinent sections are:

"Verbal listings are not recognized by the James E. Scott Firm, as no legal right has been established to collect a commission from this so-called listing.
* * *

" * * * * * *

" * * * A salesman, upon leaving the Company, is no longer entitled to any fees from listed properties which are sold after his severance."

Appellant and a witness in his behalf testified and denied any knowledge of the "Policy Book."

■ It is apparent that appellant's right to recover a listing commission from appellee was dependent on whether the agreement between them required written listings or permitted oral ones, and whether it made any allowance for a listing commission for property sold after termination of employment. All these matters were sharply disputed at trial, and no authorities need be cited in support of the proposition that in these circumstances our review is limited to determining whether the record furnished substantial support for the trial court's holding. We find no error.

Affirmed.